IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA

AT CHARLESTON

DONALD ELKINS, Administrator
of the Estate of Kathy Hensley,
and SHEILA ELKINS,

        Plaintiffs,

v.                                                  Civil Action No.: 08-CV-1403
                                                       Judge Goodwin

MONUMENTAL LIFE INSURANCE
COMPANY,

        Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE OFFER TO COMPROMISE**

NOW, comes the plaintiffs, Donald Elkins, as Administrator of the Estate of Kathy Hensley, and Sheila Elkins, plaintiffs, by and through their counsel, Christopher J. Heavens and Greg Smith and respond to the defendant's motion in limine to exclude offer to compromise.

**Factual Summary**

Monumental's attempt to characterize Donald Elkins statement as an offer to compromise is inaccurate and misapplies Rule 408 of the Federal Rules of Evidence. Mr. Elkins' testimony that he had a telephone conversation with an unnamed representative of Monumental wherein Mr. Elkins asked for $7,500.00 was in the context of questions during his deposition concerning his communications with Monumental, not settlement negotiations with Monumental. In fact, Monumental never engaged in any settlement negotiations with the plaintiffs before court-ordered mediation in the instant lawsuit.

Monumental's assertion that the statement of Mr. Elkins is irrelevant and inadmissible is wrong. An objective review of the statement by Mr. Elkins reflects his exasperation with Monumental. It is relevant and admissible evidence because it goes to the damages suffered by the plaintiffs as a result of Monumental's misconduct. The real reason Monumental wants Mr. Elkins statement excluded is not because it violates any rule of law, but because it shows him to be a reasonable man with good and honorable motives.

## Legal Analysis

Even assuming, arguendo, that Federal Rule of Evidence 408 applied to Mr. Elkins' statement; the Rule only prohibits the introduction of such evidence "when offered to prove liability for, invalidity of, or amount of claim that was disputed as to the validity of amount, or to impeach through prior inconsistent statement or contradiction." SEE: Rule 408(a). Rule 408 does not require the exclusion of evidence if it is not offered for purposes prohibited under subsection (a). SEE: Rule 408(b).

Applying Rule 408(a), Mr. Elkins statement cannot be interpreted as plaintiffs' attempting to prove the liability of Monumental, since it is not Monumental's statement. The statement cannot be interpreted as evidence of the invalidity of Monumental's claim position or as evidence against Monumental as to a disputed claim amount, since Monumental never negotiated with the plaintiffs until court-ordered mediation. Finally, the statement does not represent impeachment evidence against Monumental of a prior inconsistent statement or contradiction.

Aside from the inapplicability of Rule 408(a), the statement of Mr. Elkins was clearly not intended to be part of negotiations for compromise and should not be treated as such. SEE: Fiberglass Insulators, Inc. v. Dupuy, 856 F.2d 652, 654 (4th Cir. 1988). Monumental's reliance on Hayseeds v. State Farm Fire & Cas., 352 S.E.2d 73 (W.Va. 1986), in the context of this issue is misplaced, since Hayseeds states only that the introduction of such evidence should not be permitted against an insurance company to prove actual malice.

If the statement were attributed to Monumental rather than Mr. Elkins, the legal position of Monumental would be well taken. However, that is not the case here.

Monumental simply has no legal basis to exclude the statement of the plaintiff under these circumstances.

WHEREFORE, the plaintiffs move this Honorable Court to deny the defendant's motion in limine to exclude the statement of Donald Elkins, and to grant such other relief as may be deemed appropriate.

s/Christopher J. Heavens
Of Counsel for Plaintiffs

**Christopher J. Heavens** (WV Bar No. 5776)
Heavens Law Offices
2438 Kanawha Boulevard East
Post Office Box 3711
Charleston, West Virginia  25337-3711
(304) 346-0464

and

**Greg K. Smith** (WV Bar No.   7229)
130 East Second Avenue
P.O. Box 1037
Williamson, WV  25661
(304) 235-0405

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA

AT CHARLESTON

DONALD ELKINS, Administrator
of the Estate of Kathy Hensley,
and SHEILA ELKINS,

    Plaintiffs,

v.              Civil Action No.: 08-CV-1403
                Judge Goodwin

MONUMENTAL LIFE INSURANCE
COMPANY,

    Defendants.

## CERTIFICATE OF SERVICE

  I hereby certify that on December 28, 2009, I electronically filed the original **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OFFER TO COMPROMISE** with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following CM/ECF participants. A full copy of said pleading is being provided to counsel for the defendant this said day via U.S. Mail.

            s/Christopher J. Heavens
           Christopher J. Heavens WV Bar No. 5776
           Heavens Law Offices
           2438 Kanawha Boulevard, East
           Post Office Box 3711
           Charleston, West Virginia   25337
           Phone:  (304) 346-0464
           Fax:  (304) 345-5775
           E-mail:  heavenslaw@aol.com
           Of Counsel for Plaintiff