IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA

AT CHARLESTON

DONALD ELKINS, Administrator
of the Estate of Kathy Hensley,
and SHEILA ELKINS,

        Plaintiffs,

v.                                                        Civil Action No.: 08-CV-1403
                                                                       Judge Goodwin

MONUMENTAL LIFE INSURANCE
COMPANY,

        Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE
PLAINTIFFS' EXPERT**

NOW, comes the plaintiffs, Donald Elkins, as Administrator of the Estate of Kathy Hensley, and Sheila Elkins, plaintiffs, by and through their counsel, Christopher J. Heavens and Greg Smith and respond to the defendant's motion in limine to exclude plaintiffs' expert.

**Factual Summary**

Monumental has asserted that plaintiffs' expert, Vince King, is unqualified to offer opinions because he lacks educational, employment and professional experience in the insurance industry, in general, and the life insurance industry, in particular, including the marketing, underwriting, and claims processing of life insurance policies and claims. Monumental did not depose Mr. King and rests its arguments on Mr. King's reports in the instant case and excerpts of Mr. King's testimony from other cases.

First, since there was no underwriting of the instant policy beyond the taking of the application, and the claim investigation consisted of Monumental asking

its agent, J.B. Hall, for his side of the story and then denying the claim, it is not clear why Monumental believes that the instant case is beyond Mr. King's grasp and expertise. Second, it is not clear why Monumental's arguments against Mr. King cannot be equally applied to their own expert, Burke Christiansen, at least from the standpoint of what is stated in Mr. Chistiensen's report and curriculum vitae.

Defendant's assertion that Mr. King's opinions are mere "regurgitations" of facts and tantamount to argument can equally be said about Mr. Christiansen's opinions. Monumental's argument that the agent's misconduct is not part of the causes of action alleged and is therefore a basis to exclude Mr. King's opinions, is perplexing given the nature of the case (plaintiffs alleging that all questions posed by agent answered honestly by Kathy Hensley). However, again, the same argument can be advanced against Mr. Christiansen's opinions.

Should Mr. King be disqualified as an expert, but Mr. Christiansen be qualified as an expert simply because Mr. Christiansen has worked within the insurance industry? Both men are attorneys who have practiced privately and both are academics in the sense that they have lectured extensively and authored articles on all aspects of insurance, including underwriting and claim issues. Both men have been retained by insurance companies as experts. While Mr. Christiansen's credentials may arguably be more relevant to the particular issues at hand and more impressive to some, that is not a basis to exclude Mr. King.

Mr. King brings to the table more relevant regulatory experience than Mr. Christiensen. Monumental belittles Mr. King's work at the office of the West Virginia Insurance Commissioner. However, experience in working for the agency that regulates the conduct of the defendant, Monumental Life Insurance Company, should not be dismissed. With all due respect to Mr. Christiansen, Mr. King's experience in investigating non-compliance with and securing compliance with insurance regulations, may be viewed by some as a superior skill set in this instance.

### Legal Analysis

Monumental's derisive commentary on Mr. King's credentials and select sections of Mr. King's many depositions ignores the spirit and letter of Rules 702 and 703 of the Federal and West Virginia Rules of evidence. Mr. King is qualified to testify

and should be permitted to testify in this instance because he will aid the fact finder with practical experience in a field of activity conferring special knowledge not shared by mankind in general. SEE: State v. Hose, 419 S.E.2d 690 (W.Va. 1992); Sheely v. Pinion, 490 S.E.2d 291 (W.Va. 1997).

Where the evidence demonstrates that the individual sought to be introduced as an expert witness is qualified by knowledge, skill, experience, training, or education as an expert and that individual's specialized knowledge would assist the trier of fact, it is an abuse of discretion for the trial court to refuse to qualify that individual as an expert. Cargill v. Balloon Works, Inc., 405 S.E.2d 642 (W.Va. 1991). Mr. King has particular knowledge, skill, experience, training and education in insurance matters. Under this standard, he should be permitted to testify.

Mr. King's opinions comply with the rule established in Jackson v. State Farm Mut. Auto. Ins. Co., 600 S.E.2d 346 (W.Va. 2004). Mr. King has not and will not offer opinions on the ultimate issue of whether that law was violated. He will testify about standards within the industry and his opinion as to whether those standards were followed. This is precisely what defendant's expert is doing in his report.

The admissibility of testimony by an expert witness is a matter within the sound discretion of the trial court, and the trial court's decision will not be reversed unless it is clearly wrong. West Virginia Div. of Highways v. Butler, 516 S.E.2d 769 (W.Va. 1999). Mr. King has been recognized on numerous occasions as an expert in West Virginia state and federal courts. The admission of his testimony in this instance is totally appropriate.

WHEREFORE, the plaintiffs move this Honorable Court to deny Monumental's motion in limine to exclude plaintiff's expert, and to grant such other relief as may be deemed appropriate.

                                                s/Christopher J. Heavens
                                                Of Counsel for Plaintiffs

**Christopher J. Heavens** (WV Bar No. 5776)
Heavens Law Offices
2438 Kanawha Boulevard East
Post Office Box 3711
Charleston, West Virginia  25337-3711
(304) 346-0464

and

**Greg K. Smith** (WV Bar No.   7229)
130 East Second Avenue
P.O. Box 1037
Williamson, WV  25661
(304) 235-0405

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA

AT CHARLESTON

DONALD ELKINS, Administrator
of the Estate of Kathy Hensley,
and SHEILA ELKINS,

        Plaintiffs,

v.                                        Civil Action No.: 08-CV-1403
                                            Judge Goodwin

MONUMENTAL LIFE INSURANCE
COMPANY,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2009, I electronically filed the original **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' EXPERT** with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following CM/ECF participants. A full copy of said pleading is being provided to counsel for the defendant this said day via U.S. Mail.

                                              s/Christopher J. Heavens
                                  Christopher J. Heavens WV Bar No. 5776
                                  Heavens Law Offices
                                  2438 Kanawha Boulevard, East
                                  Post Office Box 3711
                                  Charleston, West Virginia  25337
                                  Phone:     (304) 346-0464
                                  Fax:       (304) 345-5775
                                  E-mail:    heavenslaw@aol.com
                                  Of Counsel for Plaintiff