IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA

AT CHARLESTON

DONALD ELKINS, Administrator
of the Estate of Kathy Hensley,
and SHEILA ELKINS,

        Plaintiffs,

v.                                                   Civil Action No.: 08-CV-1403
                                                 Judge Goodwin

MONUMENTAL LIFE INSURANCE
COMPANY,

        Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING COMPLIANCE
DEPARTMENT INVESTIGATION**

       NOW, comes the plaintiffs, Donald Elkins, as Administrator of the Estate of Kathy Hensley, and Sheila Elkins, plaintiffs, by and through their counsel, Christopher J. Heavens and Greg Smith and respond to the defendant's motion in limine to exclude compliance department investigation.

**Factual Summary**

       Monumental's present motion is designed to hide from the jury critical general business practice evidence of the exact same misconduct that plaintiffs' allege occurred in the instant case. The public policy behind permitting the introduction of such evidence will have been defeated if the defendant is successful in having this evidence suppressed. SEE: West Virginia Code § 33-11-4; Jenkins v. J.C. Penney Cas. Ins. Co., 280 S.E.2d 252 (W.Va. 1980).

       The Court is asked to take note that this evidence was not timely produced by the defendant and was only produced to the plaintiffs on the day of the

Rule 30 depositions in Baltimore, Maryland. This put the plaintiffs at distinct disadvantage because the plaintiffs had already deposed the agent, J.B. Hall, and were not able to question him about the matter. Mr. Hall never mentioned it during his deposition even though he knew that the issues in the instant case and the other case (David White application subject to compliance investigation) were virtually identical.

Aside from not being able to question Mr. Hall about his alleged misconduct in the David White matter, the plaintiffs were put at a distinct disadvantage by having to question corporate witnesses on the fly about a critical document that should have been produced well in advance of corporate depositions. The party that wrongly withheld the document received a strategic benefit. Ironically, the compliance department documents and information that the defendant now seeks to improperly withhold from the jury were improperly withheld from the plaintiffs.

## Legal Analysis

The evidence of Mr. Hall's misconduct is relevant and admissible as general business practice evidence. Whether the applicant, Mr. White, testifies at trial or not, the evidence has been reviewed by plaintiff's expert, Vince King, and is admissible as part of Mr. King's opinions. SEE: Mayhorn v. Logan Medical Found., 454 S.E.2d 87 (W.Va. 1994). Information, otherwise inadmissible in evidence, if it is the type of information reasonably relied upon by expert witnesses in the field, is admissible evidence if it forms a basis for the expert's opinions. Wilson v. Wilson, 542 S.E.2d 402 (W.Va. 2000).

The plaintiffs, however, do intend to call Mr. White and his mother, Dorothy Waugh, as witnesses. The hearsay arguments of the defendant may be rendered completely moot by the trial testimony of these witnesses.

The defendant appears to acknowledge in its brief that the material it seeks to withhold falls under the business exception to the hearsay rule, but then makes a confusing argument about how it does not because such information is not recorded in the regular course of business. SEE: F.R.E. 803 (6). Was this the only compliance department action in the history of the company? The defendant offers the Court nothing to support this highly unlikely scenario.

F.R.E. 805 states that hearsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules. The evidence in question clearly falls under an exception to the hearsay rule. SEE: F.R.E. 803(6). The defendant's compliance investigation documents are records of regularly conducted activity.

Defendant's reliance on Rowland v. American General Finance, 340 F.3d 187 (4th Cir. 2003) and Western Insulation, LP v. Moore, 242 Fed. Appx. 112, 20007 WL 2122068 (4th Cir. 2007) is misplaced. Rowland involved a letter written by a client complaining the party lacked "people skills" and did not involve general business practice evidence. Moore involved business logs containing statements of customers and, since the customers' statements did not fit within a hearsay exception, the logs were excluded. Moore did not involve general business practice evidence.

WHEREFORE, the plaintiffs move this Honorable Court to deny the defendant's motion in limine to exclude compliance department evidence, and to grant such other relief as may be deemed appropriate.

        s/Christopher J. Heavens
        Of Counsel for Plaintiffs

**Christopher J. Heavens** (WV Bar No. 5776)
Heavens Law Offices
2438 Kanawha Boulevard East
Post Office Box 3711
Charleston, West Virginia  25337-3711
(304) 346-0464

and

**Greg K. Smith** (WV Bar No.  7229)
130 East Second Avenue
P.O. Box 1037
Williamson, WV  25661
(304) 235-0405

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA

AT CHARLESTON

DONALD ELKINS, Administrator
of the Estate of Kathy Hensley,
and SHEILA ELKINS,

        Plaintiffs,

v.                              Civil Action No.: 08-CV-1403
                               Judge Goodwin

MONUMENTAL LIFE INSURANCE
COMPANY,

        Defendants.

## CERTIFICATE OF SERVICE

        I hereby certify that on December 28, 2009, I electronically filed the original **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING COMPLIANCE DEPARTMENT INVESTIGATION** with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following CM/ECF participants. A full copy of said pleading is being provided to counsel for the defendant this said day via U.S. Mail.

                                                    s/Christopher J. Heavens
                                      Christopher J. Heavens WV Bar No. 5776
                                      Heavens Law Offices
                                      2438 Kanawha Boulevard, East
                                      Post Office Box 3711
                                      Charleston, West Virginia   25337
                                      Phone:        (304) 346-0464
                                      Fax:            (304) 345-5775
                                      E-mail:       heavenslaw@aol.com
                                      Of Counsel for Plaintiff