## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA

### AT CHARLESTON

**DONALD ELKINS, Administrator**
**of the Estate of Kathy Hensley,**
**and SHEILA ELKINS,**

        **Plaintiffs,**

**v.**                                    **Civil Action No.2:08-CV-1403**
                                          **Judge Goodwin**

**MONUMENTAL LIFE INSURANCE**
**COMPANY,**
        **Defendants.**

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE OFFER TO COMPROMISE

NOW COMES defendant Monumental Life Insurance Company, by counsel, and makes the following Reply to "Plaintiffs' Response to Defendant's Motion in Limine to Exclude Offer to Compromise" as follows:

1.     First, plaintiffs offer absolutely no rebuttal to defendant's argument that the statements regarding resolution of the death claim are irrelevant and therefore impermissible pursuant to F.R.E. 401 and 402.  In fact, plaintiffs' Response merely underscores the complete lack of relevance of the testimony regarding Mr. Elkins' offer to accept $7,500.00 to resolve the underlying death claim.  Plaintiffs make very plain what their intended use of this testimony is: "The real reason Monumental wants Mr. Elkins statement excluded is . . . because *it shows him to be a reasonable man with good and honorable motives.*"  Plaintiffs' Response at 2.  Obviously, the fact that Mr. Elkins is a reasonable man is entirely irrelevant in this matter and unfairly prejudicial;

2.      Moreover, plaintiffs fail to demonstrate for what "permitted use" this testimony is offered, pursuant to F.R.E. 408(b).  The reason for this failure is obvious—the only conceivable use of this testimony is to color the jury's impressions of Mr. Elkins and, Monumental, in turn.  As such, it is tantamount to imadmissible character evidence and therefore equally prohibited by F.R.E. 404;

3.      Despite citing to Fiberglass Insulators, Inc. v. Dupuy, 856 F.2d 652 (4th Cir. 1988) in their Response, plaintiffs fail to note that appellant in that matter attempted similar arguments, to no avail.  In dismissing appellant's argument that the settlement negotiations were not intended to prove the validity or invalidity of a compromised claim or that they were offered for some "other purpose," the Fourth Circuit stated that "the fact that offering an item of evidence is not *in terms* barred by Rule 408 does not make it otherwise admissible."  Id. at 655(emphasis added);

4.      The Fourth Circuit made very plain that the underlying purpose of the Rule is to "foster frank discussions" in settlement and that the proper inquiry is whether the "statements or conduct were intended to be part of the negotiations for compromise."  Id. at 654. There can be no question that Mr. Elkins' offer to literally "compromise" his claim against defendant falls with in the letter and spirit of the rule;

5.      Finally, plaintiffs Response states that defendant's reliance on Hayseeds is misplaced; however, it is plaintiffs who appear to be "cherry-picking" the holdings of Hayseeds. Plaintiffs argument that Hayseeds' holding is limited to proof of "actual malice" ignores the full holding of the Court:  "[A]n offer of settlement can never be used to show 'actual malice' *nor be used against an insurance carrier in any way*."  Hayseeds v. State Farm Fire & Cas., 352 S.E.2d 73 (W. Va. 1986)(emphasis added);

WHEREFORE, defendant respectfully requests that this Court enter an order precluding plaintiffs from introducing or eliciting any and all testimony or other evidence regarding plaintiff Donald Elkins' conversation with representatives of defendant regarding offers to compromise the claim.

MONUMENTAL LIFE INSURANCE COMPANY
By Counsel

/s/ Teresa A. Kleeh
Teresa A. Kleeh, Esq. (WV Bar No. 7189)
Steptoe & Johnson, PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8156
Facsimile (304) 353-8180

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA

### AT CHARLESTON

**DONALD ELKINS, Administrator**
**of the Estate of Kathy Hensley,**
**and SHEILA ELKINS,**

          **Plaintiffs,**

v.
                                             **Civil Action No.: 08-CV-1403**
                                               **Judge Goodwin**

**MONUMENTAL LIFE INSURANCE**
**COMPANY,**

          **Defendants.**

### CERTIFICATE OF SERVICE

      I hereby certify that on the ___31st___ day of December, 2009, I electronically filed the foregoing *Defendant's Reply to Plaintiffs' Response in Opposition to Motion in Limine to Exclude Offer to Compromise,* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to each of the following:

                              Christopher J. Heavens, Esq.
                              Heavens Law Offices
                              2438 Kanawha Boulevard East
                              P. O. Box 3711
                              Charleston, WV  25337-3711


                              Greg K. Smith, Esq.
                              130 East Second Avenue
                              P. O. Box 1037
                              Williamson, WV  25661


                              /s/ Teresa A. Kleeh_____