IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA

AT CHARLESTON

**DONALD ELKINS, Administrator
of the Estate of Kathy Hensley,
and SHEILA ELKINS,**

        **Plaintiffs,**

v.                                      Civil Action No.2:08-CV-1403
                                                Judge Goodwin

**MONUMENTAL LIFE INSURANCE
COMPANY,**
        **Defendants.**

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING COMPLIANCE DEPARTMENT INVESTIGATION

NOW COMES defendant Monumental Life Insurance Company, by counsel, and makes the follow Reply to "Plaintiffs' Response to Defendant's Motion in Limine to Exclude Evidence Regarding Compliance Department Investigation," as follows:

        1.     First, plaintiffs' contention that these documents were "improperly withheld" from plaintiffs is wholly without merit. Plaintiffs offer the Court no substantiation for this accusation since they plainly have none. As indicated in defendant's Motion, this material was overlooked in earlier discovery production inasmuch as there was nothing in Mr. Hall's personnel file regarding the investigation since it resulted in a finding of "no violation." Plaintiffs would suggest that any supplementation of discovery responses is evidence of some sort of nefarious wrongdoing, which is obviously untrue;

        2.     Secondly, plaintiffs' complaint that the timeliness of disclosure of these materials put it at some sort of disadvantage in deposing Mr. Hall and the corporate

representative depositions is empty noise. Despite multiple references to a desire to potentially redepose Mr. Hall, to which defendant would have been fully amenable, plaintiffs never made a request to do so. At no time in the last three months, subsequent to the supplementation of this material, did plaintiffs request to redepose any of the corporate representatives; again, defendant would have been fully agreeable to making certain individuals available for supplemental testimony;

3. However, more critical to the merits of the instant Motion (and the entirety of the case for that matter), is plaintiffs' complete misapprehension about the use "general business practice" evidence in the context of this case. Plaintiffs appear to argue that an "other act" of J. B. Hall pursuant to F.R.E. 404(b) is admissible as evidence of a "general business practice" of failing to properly record information on applications. As such, plaintiffs appear to be under the impression that the acts of Mr. Hall in taking this or any other application somehow relates to their claim for relief pursuant to W. Va. Code §33-11-4(9), which requires proof of a "general business practice" of defendant. This is simply not the case;

4. This case has two central issues: (1) did J. B. Hall fail to properly record Kathy Hensley's responses to the questions on her application or did Ms. Hensley make material misrepresentations in response to those questions; and (2) did defendant Monumental commit a violation of the Unfair Claim Settlement Practices section (W. Va. Code §33-11-4(9)) of the Unfair Trade Practices Act in its handling of the life insurance claim of plaintiffs. The first issue centers around the actions of Mr. Hall in taking the application; the second centers around the actions of Monumental post-claim;

5. Evidence of a "general business practice" is a statutory requirement relating *only* to an Unfair Claim Settlement Practices claim:

> (9) *Unfair claim settlement practices.* No person shall commit or perform with such frequency to indicate a general business practice any of the following . . . .

W. Va. Code §33-11-4(9). "More than a single isolated violation of W. Va. Code, 33-11-4(9), must be shown in order to meet the statutory requirement of an indication of 'a general business practice,' which requirement must be shown in order to maintain the statutory implied cause of action." Jenkins v. J. C. Penney Cas. Ins. Co., Syl. Pt. 3, 280 S.E.2d 252 (W. Va. 1981);

6. The actions of Mr. Hall (and likewise his "other acts") relate only to plaintiffs' breach of contract claim, i.e. whether or not plaintiff Shelia Elkins is nevertheless entitled to recover under the policy despite its material omissions if those omissions were due to defendant's agent's mistake: "If the facts regarding the risk are correctly stated to the agent of an insurance company, but erroneously inserted by him in the application, the company is chargeable with his error or mistake . . . ." McDonald v. Beneficial Standard Life Ins. Co., 235 S.E.2d 367 (W. Va. 1977);

7. Evidence of a "general business practice" relates only to the post-claims handling of plaintiffs' claim against the policy as evident from the title of the statutory subsection itself: "Unfair *Claim* Settlement Practices";

8. Having made the foregoing distinction, it is clear the "general business practice" of J. B. Hall as espoused by plaintiffs is nothing more than quintessential character evidence—an attempt to prove that because Mr. Hall allegedly failed to record information on Mr. White's application, he likewise allegedly failed to record information on Ms. Hensley's;

9. Therefore, regardless of whether plaintiffs intend to introduce the documents regarding the compliance department investigation or elicit testimony about the underlying incident, it is inadmissible 404(b) evidence;[1]

10. Finally, defendant would note that plaintiffs fail entirely to address the "hearsay within hearsay" arguments advanced in defendant's motion and would further note that the cases which plaintiffs characterize as "misplaced" are entirely on point with the documents at issue;

WHEREFORE, defendant respectfully requests that the Court enter an Order prohibiting plaintiff from introducing evidence or eliciting testimony regarding the investigation and underlying incident as more particularly described in the attached Memorandum of Law.

> MONUMENTAL LIFE INSURANCE COMPANY
> By Counsel
>
> /s/ Teresa A. Kleeh
> Teresa A. Kleeh, Esq. (WV Bar No. 7189)
> Steptoe & Johnson, PLLC
> P.O. Box 1588
> Charleston, WV 25326-1588
> Telephone (304) 353-8156
> Facsimile (304) 353-8180

---

[1] Plaintiffs appear to mistakenly interpret defendant's Motion as seeking only exclusion of the documents themselves. As apparent from the title and text of the Motion, defendant seeks exclusion of *both* (1) the documents as hearsay and inadmissible 404(b) evidence *as well as* (2) any oral testimony regarding the underlying incident as inadmissible 404(b) evidence.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA

AT CHARLESTON

DONALD ELKINS, Administrator
of the Estate of Kathy Hensley,
and SHEILA ELKINS,

        Plaintiffs,

v.                                             Civil Action No.: 08-CV-1403
                                                         Judge Goodwin

MONUMENTAL LIFE INSURANCE
COMPANY,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the ___31st___ day of December, 2009, I electronically filed the foregoing ***Defendant's Reply to Plaintiffs' Response in Opposition to Motion in Limine to Exclude Evidence Regarding Compliance Investigation***, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to each of the following:

        Christopher J. Heavens, Esq.
        Heavens Law Offices
        2438 Kanawha Boulevard East
        P. O. Box 3711
        Charleston, WV  25337-3711

        Greg K. Smith, Esq.
        130 East Second Avenue
        P. O. Box 1037
        Williamson, WV  25661

                              /s/ Teresa A. Kleeh