# IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA

### AT CHARLESTON

**DONALD ELKINS, Administrator**
**of the Estate of Kathy Hensley,**
**and SHEILA ELKINS,**

       **Plaintiffs,**

**v.**                                  **Civil Action No.2:08-CV-1403**
                                              **Judge Goodwin**

**MONUMENTAL LIFE INSURANCE**
**COMPANY,**
               **Defendant.**

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER LAWSUITS AND COMPLAINTS

        NOW COMES defendant Monumental Life Insurance Company [hereinafter "MLIC"}, by counsel, and makes the following Reply to "Plaintiffs' Response to Defendant's Motion in Limine to Exclude Evidence of Other Lawsuits and Complaints," as follows:

        1.     For clarification, defendant would note that the instant Motion was filed regarding introduction of three categories of evidence: (1) other lawsuits to which MLIC has been a party in West Virginia in the last five years; (2) complaints filed with the West Virginia Offices of the Insurance Commissioner involving issues of material misrepresentations by applicants; and (3) a 19-page document from an unidentified source provided by plaintiffs purporting to list complaints made against MLIC;

        2.     Since the filing of the instant Motion, plaintiffs have identified twenty-eight new witnesses who are ostensibly going to testify regarding the first category of evidence: other lawsuits to which MLIC has been a party in West Virginia. A separate Motion addressing the inadmissibility of that evidence has been filed; as such, it is not further addressed herein. *See*

Defendant's Motion to Strike Witnesses and/or Exclude Evidence of Unrelated Lawsuits.
[Docket No. 61].[1]

     3.    Plaintiffs dedicate their Response to their apparent disbelief that MLIC has no knowledge of the alleged complaints set forth in the unidentified 19-page document attached as Exhibit "B" to defendant's Motion;

     4.    First, defendant would note that plaintiffs' contention that MLIC has failed to adequately "explain itself" regarding this issue is meritless. In point of fact, plaintiffs never requested any further explanation regarding this issue, either in written discovery or in the course of corporate representative depositions[2];

     5.    Regardless, however, of whether MLIC has explained to plaintiffs' satisfaction the corporate structure of the AEGON family of companies, plaintiffs do not address the fundamental underlying issue: how is a document containing literally no information about the nature of the underlying allegations from a wholly unidentified source admissible in any event for any purpose?

     6.    Plaintiffs have identified no witnesses in relation to the document and clearly intend simply to wave the document around in front of the jury to suggest that MLIC is an unscrupulous corporate entity with a litany of complaints against it. It is in anticipation of this suspected scenario that the instant Motion was filed;

     7.    Plaintiffs then again reference the issue of proving a "general business practice" as though this required element of their claim grants them permission to defy the Rules of Evidence. Establishing a general business practice is merely another element of plaintiffs'

---

[1] Defendant would note that plaintiffs have filed no Response to that Motion in Limine, nor did they address the issue of admissibility of the unrelated lawsuits in their Response to the instant Motion.

[2] Plaintiffs filed a Notice of 30(b)(6) Deposition setting forth 10 different categories of inquiry, which necessitated production of 7 different corporate representatives—discussion of the corporate structure of the AEGON family of companies and the relationship of MLIC to the other sister companies was not designated as an issue for deposition.

claim that they must prove; obviously, any such evidence must still comport with the Rules of Evidence;

WHEREFORE, defendant respectfully requests that the Court enter an Order prohibiting plaintiff from introducing offering evidence or testimony regarding other lawsuits to which MLIC is a party, complaints lodged with the West Virginia Offices of the Insurance Commissioner or other entities, and the complaints set forth in Exhibit "B" to defendant's original Motion.

MONUMENTAL LIFE INSURANCE COMPANY
By Counsel

/s/ Teresa A. Kleeh
Teresa A. Kleeh, Esq. (WV Bar No. 7189)
Steptoe & Johnson, PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8156
Facsimile (304) 353-8180

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA

### AT CHARLESTON

**DONALD ELKINS, Administrator**
**of the Estate of Kathy Hensley,**
**and SHEILA ELKINS,**

        **Plaintiffs,**

v.
                                                 **Civil Action No.: 08-CV-1403**
                                                         **Judge Goodwin**

**MONUMENTAL LIFE INSURANCE**
**COMPANY,**

        **Defendants.**

### CERTIFICATE OF SERVICE

      I hereby certify that on the   31st   day of December, 2009, I electronically filed the foregoing *Defendant's Reply to Plaintiffs' Response in Opposition to Motion in Limine to Exclude Evidence of Other Lawsuits and Complaints,* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to each of the following:

                Christopher J. Heavens, Esq.
                Heavens Law Offices
                2438 Kanawha Boulevard East
                P. O. Box 3711
                Charleston, WV  25337-3711

                Greg K. Smith, Esq.
                130 East Second Avenue
                P. O. Box 1037
                Williamson, WV  25661

                              /s/ Teresa A. Kleeh