IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA
AT CHARLESTON

DONALD ELKINS, Administrator
of the Estate of Kathy Hensley,
and SHEILA ELKINS,

      Plaintiffs,

v.	Civil Action No.: 08-CV-1403
    Judge Goodwin

MONUMENTAL LIFE INSURANCE
COMPANY,

      Defendants.

**PLAINTIFFS' MOTION TO FILE SURREPLY MEMORANDA IN SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSES TO DEFENDANT'S MOTIONS IN LIMINE**

NOW, comes the plaintiffs, Donald Elkins, as Administrator of the Estate of Kathy Hensley, and Sheila Elkins, plaintiffs, by and through their counsel, Christopher J. Heavens and Greg Smith, and move the Court, pursuant to LR Civ P 7.1.(7) Motion Practice, for leave to file a surreply to defendant's reply to plaintiffs' responses to defendant's motions in limine.

### Other Lawsuits and Complaints / Compliance Department Evidence

Defendant's reply relies on F.R.E. 404(b), which precludes admission of other acts to prove conformity therewith. Plaintiffs are not seeking to admit such evidence under F.R.E. 404(b). Plaintiffs are seeking to admit such evidence under W.Va. Code 33-11-4(9), which *requires* proof of a general business practice. To the extent in Plaintiffs' Response to Defendant's Motion In Limine To Exclude Other Lawsuits And Complaints and Compliance Department Evidence stated that 33-11-4(9) *permits* such evidence, plaintiffs wish to clarify that said code section *requires* such evidence. Furthermore, State v. Lawson, Cleckley's Handbook on Evidence, and other criminal authorities cited by defendant Monumental are not persuasive authority for the Court to consider in this context.

The general business practice element of proof is unique to a cause of action under the UTPA and only cases interpreting it are of any use. Counsel for Monumental goes on to hint that 33-11-4(9) must be *read in pari materia* with F.R.E. 404(b) thereby suggesting that other instances of violation must be similar to the allegations in the subject action. Although the more recently enacted procedures for the new administrative cause of action applicable to third party complaints since the abolition of the private cause of action do now require similarity, that never was, and still isn't, required under the UTPA itself. (Compare W.Va. Code 33-11-4(9) and 114 WVCSR 14 generally, with new W.Va. Code 33-11-4a(f). Plaintiffs request leave to more fully address these issues in a surreply.

Defendant Monumental asserts that "none of the other lawsuits involve allegations of 'post-claim underwriting' or material misrepresentations," but doesn't offer any affidavit or evidence to support the assertion. Defendant complains about the "19 page document purporting to list complaints made against MLIC". This is the list obtained from the West Virginia Offices of Insurance Commissioner (WVOIC) in response to plaintiffs' FOIA request. Essentially, Monumental is asserting that all five hundred (500) of the complaints were miscoded, but offers no substantiation.

According to the Internet, the AEGON Group of companies consists of Transamerica Life Insurance Company, Transamerica Financial Life Insurance Company, Merrill Lynch Life Insurance Company, ML Life Insurance Company of New York, Monumental Life Insurance Company, Stonebridge Casualty Insurance Company, Stonebridge Life Insurance Company, Western Reserve Life Assurance Co., of Ohio, Transamerica Life Canada, Mongeral AEGON and Seguros Argos, S.A. de C.V., all but the last three of which have their own Company Code and there would be no apparent reason for confusion. The last three are not even licensed to sell insurance in West Virginia and so there should not be any complaints about them.

Finally, the first step in the administrative handling of a consumer complaint is to send a copy of the complaint, together with a request for the file, to the insurer named. It should be immediately detected upon first response, if the wrong company is named. In no conceivable event should a complaint reach closure stage under the wrong name. The plaintiffs request leave of Court to file a surreply on this issue.

## Offer of Compromise

The plaintiffs are arguing that Monumental violated the UTPA by forcing plaintiffs to file suit. Mr. Elkins' effort to try to get the funeral bill paid, and call it even, is both relevant and not prohibited, for that specific purpose.

Interestingly, Monumental's denial letter actually requests that the insured contact Monumental "if you have any questions or need any assistance." SEE: Denial letter, attached as **Exhibit A**. Monumental's Rule 30 witness, Lisa Ortel, testified that Monumental requests in the denial letter that the insured contact Monumental if the insured has any questions, since Monumental may reconsider its position. SEE: Deposition transcript of Lisa Ortel at pp. 18-19; 39-40, attached as **Exhibit B**. In essence, Mr. Elkins did what Monumental requested and now Monumental seeks to exclude what Mr. Elkins said to Monumental. The plaintiffs request leave of the Court to file a surreply on this issue.

WHEREFORE, the plaintiffs move this Honorable Court to grant leave for plaintiffs to file a surreply to defendant's replies to plaintiffs' responses to defendant's motions in limine, and to grant such other relief as may be deemed appropriate.

s/Christopher J. Heavens
Of Counsel for Plaintiffs

**Christopher J. Heavens** (WV Bar No. 5776)
Heavens Law Offices
2438 Kanawha Boulevard East
Post Office Box 3711
Charleston, West Virginia  25337-3711
(304) 346-0464
e-mail:       heavenslaw@aol.com

and

**Greg K. Smith** (WV Bar No.  7229)
130 East Second Avenue
P.O. Box 1037
Williamson, WV  25661
(304) 235-0405
e-Mail:       gks0405@verizon.net

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT COURT OF WEST VIRGINIA
AT CHARLESTON

DONALD ELKINS, Administrator
of the Estate of Kathy Hensley,
and SHEILA ELKINS,

        Plaintiffs,

v.                              Civil Action No.:  08-CV-1403
                              Judge Goodwin

MONUMENTAL LIFE INSURANCE
COMPANY,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2010, I electronically filed the original **Plaintiffs' Motion to File Surreply Memoranda in Surreply to Defendant's Reply to Plaintiffs' Responses to Defendant's Motions in Limine** with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following CM/ECF participants.  A full copy of said pleading is being provided to counsel for the defendant this said day via U.S. Mail.

        Teresa Kleeh
        Steptoe & Johnson
        Chase Tower, Eighth Floor
        Post Office Box 1588
        Charleston, West Virginia   25326-1588
        *Counsel for the Defendants*

                              s/Christopher J. Heavens
                         Christopher J. Heavens WV Bar No. 5776
                         Heavens Law Offices
                         2438 Kanawha Boulevard, East
                         Post Office Box 3711
                         Charleston, West Virginia   25337
                         Phone:       (304) 346-0464
                         Fax:         (304) 345-5775
                         E-mail:      heavenslaw@aol.com
                         Of Counsel for Plaintiffs